# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:99-CR-165-8-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| THURMAN LLEWELL MOBLEY, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant would have benefitted from Amendment 706 had it been in effect at the time of his sentencing, and for the reasons set forth in the Supplement to the Presentence Report he is eligible for a sentence reduction.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The full record before the Court reflects a defendant with a criminal history of drug

trafficking who maintained a lengthy commitment to an extraordinarily violent drug conspiracy, used firearms in furtherance of his crimes, personally participated in at least one armed home invasion resulting in serious injury to the victims, and also has received several disciplinary citations (including the possession of intoxicants) while in prison.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds:

    a. That the defendant should receive some benefit from the retroactive application of Amendment 706, but that a reduction to 128 months is inappropriate; and

    b. That a sentence of **151 months** is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives;[1] and

    c. That this sentence is within the amended guideline range applicable to Defendant by operation of Amendment 706..

An appropriate Order shall issue separately.

Signed: October 8, 2008

Frank D. Whitney
United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).